## Case No. 7,713.

### KENRICK v. UNITED STATES.

[1 Gall. 268.] [1]

Circuit Court, D. Massachusetts. Oct. Term, 1812.

PLEADING—DECLARATION—CONCLUSION.

If a declaration for a statute penalty conclude against the form of the statutes, when it is founded on a single statute, it is good on error.

[Cited in U. S. v. Gibert, Case No. 15,204; Jones v. Van Zandt, 5 How. (46 U. S.) 229; U. S. v. Batchelder, Case No. 14,541.]

[Cited in Reed v. Northfield, 13 Pick. 99; Whitson v. City of Franklin, 34 Ind. 395.]

[In error to the district court of the United States for the district of Massachusetts.]

The plaintiff in error [Mulford Kenrick] was attached to answer to the United States of America, "in a plea of debt, for that during the continuance of an act of congress of the United States [2 Stat. 453] entitled, 'An act laying an embargo on all ships and vessels in the ports and harbors of the United States,' and of the several acts supplementary thereto, to wit, on the second day of January, in the year of our Lord, eighteen hundred and nine, a certain sloop or vessel of the United States, called the Fear, laden with certain goods, wares, and merchandize, of domestic growth and manufacture, to wit, with codfish in boxes, and sundry other merchandize, did depart from a port of the United States, to wit, the port of Chatham in said district, without a clearance or permit, and departing so as aforesaid, did there afterwards between the said second day of January, and the first day of March then next succeeding, proceed to a foreign port or place, to wit, to some port or place in the West Indies, contrary to the provisions of the acts aforesaid; and that the said Mulford was then and there, and during all the time aforesaid, knowingly concerned in said prohibited foreign voyage, contrary to the acts aforesaid, whereby and by force of the said acts, the said Mulford has forfeited, to the uses therein specified, a sum not exceeding twenty thousand, nor less than one thousand dollars, and an action hath ac-

1 [Reported by John Gallison, Esq.]

crued to the said United States, who sue as aforesaid, to have and recover the same accordingly, of all which said Mulford hath had due notice, yet though often requested, he hath never paid the same nor any part thereof, but detains it." To this declaration nil debet having been pleaded, a verdict was returned for the United States.

The following are the errors assigned. 1st. There is error in this, that the supposed offence is alleged in said declaration to have been committed contrary to several different acts, made in different sessions of congress, to wit, the act of congress of the United States entitled, "An act laying an embargo on all ships and vessels in the ports and harbors of the United States," and the several acts supplementary thereto, whereas the supposed offence, if committed at all, was committed contrary to one of said acts only, and not contrary to all, or more than one of said acts. 2d. That the supposed cause of action is alleged in said declaration to have accrued to the United States, as well as the supposed offence to have been committed, contrary to several different acts, made in different sessions of congress, that is to say, the act of congress of the United States, entitled, "An act laying an embargo on all ships and vessels in the ports and harbors of the United States," and the several acts supplementary thereto. Whereas the same accrued, if at all, by force of one of said acts only, and not by force of all or more than one of said acts. 3d. There is also error in this, that it is alleged in said declaration, that the complainant forfeited by force of the statutes therein mentioned, to the uses in the same specified, a sum not exceeding twenty thousand nor less than one thousand dollars, whereas the same was forfeited, if at all, by force of one of said statutes only, and to the uses specified in another statute, and not in either of the statutes mentioned in said declaration; and it is not in said declaration alleged to whom, or to whose use said sum was forfeited. 4th. That the original writ is sued out in the name of the United States, but verdict is returned, and judgment rendered, for the United States, and not for the United States of America. 5th. The general errors.

Wm. Prescott, for plaintiff in error, cited the following authorities, as to the conclusion "contra formam statuti," several statutes being relied on, viz.: Cro. Jac. 142; Cro. Eliz. 750; 1 Com. Dig. 318; 6 Com. Dig. "Pleader," (S 2, 10); Bac. Abr. "Indictment," H; and as to "contra formam statutorum," one statute only being relied on, he cited 2 Hawk. P. C. "Indictment," c. 25, § 117; Cro. Jac. 187; Com. Dig. "Action on Statute," H; Yel. 116; 1 Vent. 235; 2 Saund. 377, note 12; 1 Saund. 135, note; Lee v. Clarke, 2 East, 333.

G. Blake, Dist. Atty., for the United States.

This offence is against more than one statute, as appears from the words, "of the act

to which this act is a supplement." The second act is not a part of the first, but wholly distinct from it. No case has been adduced, except that from Comyns, in support of the first error. Our statute is broader with respect to amendments than any of the statutes of jeofail. 2 Hale, P. C. 172, is an authority with regard to two statutes, the one describing the offence, the other adding the penalty, as 1 and 23 Eliz.

Mr. Prescott in reply.

It cannot be said that the offence is against more than one statute, since it consists in departing against the embargo law, as enlarged by the supplement. All the supplements are to be considered as enlarging and continuing the embargo act.

STORY, Circuit Justice. The first error assigned is argued to be fatal, because it in effect concludes against the form of the statutes, when the offence is created by a single statute. The principle seems to be well settled, that when an offence depends on several statutes, a conclusion against the form of a single statute would be bad. Lee v. Clarke, 2 East, 333; 2 Hawk. P. C. bk. 2, c. 25, § 117; Cro. Jac. 142; Lutw. 212; Owen, 134; Com. Dig. "Action on Statute," H. The reason of this seems to be, that, by the general rule, a declaration for an offence created by statute must show a conclusion against the statute, that the party may be prepared to answer to it, and anciently the statute itself was recited in the declaration. But if a statute were recited, on which alone no action could be founded, no sufficient notice of the offence would be given, and the declaration would not contain a complete description of the offence, or a perfect title to a penalty. It is probable, therefore, that the doctrine grew up in early times, before the general conclusion, without reciting the statute, was admitted to be good. See 2 Hawk. P. C. bk. 2. c. 25, § 100, and the authorities there cited. But it by no means follows from this, that a conclusion against statutes, where the action is founded on a statute, would be bad. In the former case, the declaration would contain too little; in the latter the presence of mere surplusage ought not to vitiate. If, according to the ancient course, the whole statutes on the subject before the court had been literally recited, I am at a loss to know how the recital of more than was necessary would of itself have destroyed the effect of that, which was well recited. If upon the whole, a good title appear on the record, it seems difficult to admit that the judgment ought to be reversed, because it sets up unnecessary allegations.

But it is contended, that this point is well settled by authority. If it be so, I will not be the first to disturb it; but I shall require full evidence of the assertion. The doctrine is found laid down by Lord Chief Baron Comyns, Com. Dig. "Action on Statute," H;

5 Com. Dig. "Pleader" (S 2, 10), and by Serjeant Williams in 2 Saund. 377b, note 12, and by Hawkins in his Pleas of the Crown (book 2, c. 25, § 117). The position as stated by them, is supported by a reference to the case of Andrew v. Hundred of Lewkner, Yel. 116, and is not asserted upon their own independent authority, respectable as it must be admitted to be. On examining the cases referred to, it appears to have been an action on the statute of Winton (13 Edw. 1), and concluded "contra formam statuti predicti." It was contended at the bar, that the action was not founded exclusively on the statute of Winton, but also on the statute, 27 Eliz., and so the conclusion ought to have been "contra formam statutorum." The court were of opinion that the conclusion was right because the action was founded on the statute of Winton only, and are reported further to have said, "If the plaintiff had concluded 'contra formam statutorum,' it had not been good, because the statute, 27 Eliz., does not enable the party to sue." It is apparent, upon this statement, that the language attributed to the court was gratuitous and wholly unnecessary to the decision of the case. The principal point decided has been held good law ever since. Cas. Hardw. 390; Cro. Jac. 187. Yet in Cro. Jac. 187, the court strongly intimated, that the conclusion either way would have been good, and said that the precedents were both, ways. The same doctrine seems incidentally admitted by Lord Hale (2 Hale, P. C. 173), where, after stating that, if a temporary statute be made perpetual or revived by another, an indictment on it may conclude "contra formam statuti," he seems to admit that "contra formam statutorum" would also be good; and Hawkins (P. C. bk. 2, c. 25, § 117), speaking of cases where the same act is prohibited by divers independent statutes, says, "also where such an indictment concludes 'contra formam statuti,' without showing what statute is intended, why may it not be said, that such statute shall be taken, as is most for the king's advantage, as well as where the indictment concludes 'contra formam statutorum,' in which case it seems to be admitted, that it shall be so taken?" Dyer, 155. Now if it be considered, that a single statute is sufficient to support the action in these cases; and that it is admitted, that a conclusion against statutes is not bad, I would ask, if it does not form a very strong presumption against the correctness of the doctrine assumed by the court in the case in Yelverton. At all events, I cannot consider that case as an authority for more than the point directly decided by it. See Earl of Clanricarde v. Stokes, 7 East, 517. Considering then that the argument on this point is not supported by authority, or by analogous reasoning, I have no hesitation in declaring, that it ought not to prevail. It is often-times a matter of serious difficulty, to decide whether an of-

fence rests on one or many statutes; and I can perceive no reason for holding the party to this strictness. If he show any one statute sufficient to maintain his action, it is enough for the court; and the recital of the titles of all the other acts in the statute books ought not to deprive him of the protection of the law, if he bring himself within any one of them. If superfluous matter be inserted, to the oppression or injury of the defendant, the court will, on a proper case shown, animadvert on it with becoming severity. As to the other errors assigned, they have all in effect been disposed of by the previous decisions of the court. On the whole, I affirm the judgment of the district court with costs.