## Case No. 12,592.

### SEARS v. UNITED STATES.

#### [1 Gall. 257.] [1]

Circuit Court, D. Massachusetts. Oct. Term, 1812.

PENAL ACTION — DECLARATION — CONCLUSION — SEVERAL ACTS CHARGED—SPECIFICATION OF USES—IN WHAT NAME BROUGHT.

1. If a declaration on a penal statute do not conclude against the form of the statute. it is a fatal omission on error. Alleging "whereby. and by force of such act," the defendant had forfeited, &c. is not sufficient.

[Cited in Smith v. U. S., Case No. 13,122; U. S. v. Babson. Id. 14,489; Jones v. Vanzandt, Id. 7,502.]

[Cited in Reed v. Northfield, 13 Pick, 99.]

See The Nancy [Case No. 10,008]. See, also, 1 Chit. Cr. Law, 290.

2. If several acts are mentioned in such a declaration. and it be alleged, that "by force of said act," without designating the particular act. the forfeiture hath accrued, &c. it seems that it is not fatal on error.

[Cited in Fish v. Manning, 31 Fed. 341.]

3. It seems also, that such a declaration need not specify the uses to which the forfeiture enures; and if it allege it to be "to the uses expressed in said statute," where several statutes have been before mentioned, and no one of them is the statute which expresses such uses, it is not fatal on error.

[Cited in The Idaho, 29 Fed. 189.]

4. If the suit be in the name of "the United States of America," and the verdict find that the defendant is indebted to the United States, without saying "of America," it is sufficient.

[Cited in Smith v. U. S., Case No. 13,122.]

[Error to the district court of the United States for the district of Massachusetts.]

The original action was debt for a penalty. The declaration was as follows: "Attach Richard Sears, Jun., &c. to answer to the United States of America, in a plea of debt; for that during the continuance of an act of the United States, entitled, 'An act laying an embargo on all ships and vessels in the ports and harbors of the United States,' and of the several acts supplementary thereto, to wit, on the 20th day of January, last past, a certain schooner or vessel called the Dinah, did depart from a port of the United States, to wit, from the port of Chatham, in the district aforesaid, without a clearance or permit, and departing as aforesaid, did forthwith, between the said 20th day of January and the 1st day of March following, proceed from said port to some foreign port or place, contrary to the statutes in such case made and provided; and that said schooner or vessel hath not been seized for the offence aforesaid; and that he, the said Sears, was then and there knowingly concerned in said prohibited foreign voyage, whereby, and by force of said act, he, the said Sears, hath forfeited, and become liable to pay, to the uses expressed in said statute, a sum not exceeding twenty thousand, nor less than one thousand dollars; and an action hath accrued to the

United States, who sue as aforesaid, to have and recover the same accordingly, of all which the said Sears hath had due notice; yet though often requested, he hath never paid either of the said sums, but detains it." Nil debet was pleaded. Verdict for "the United States."

The following errors were assigned: 1. There is error in this; that it is alleged in said declaration, that said schooner, called the Dinah, departed from a port of the United States without a clearance or permit, and afterwards proceeded to a foreign port or place contrary to the statutes in such case made and provided; whereas, the same was done and committed, if at all, contrary to one statute only, and not contrary to more than one statute. 2. That the offence, supposed in said declaration to have been committed,. is not therein alleged to have been committed against the form of any statute or statutes, act or acts, not being an offence at common law. 3. That several different acts of congress, passed in different sessions thereof, having been previously mentioned in said declaration, it is afterwards therein alleged, that the supposed cause of action accrued to the United States by force of one of said acts, without specifying, or in any way designating which of them. 4. There is also error in this; that it is alleged in said declaration, that the complainant forfeited, to the uses specified in one of the statutes therein mentioned, a sum not exceeding twenty thousand, nor less than one thousand dollars; whereas, if forfeited at all, it was to the uses mentioned in another statute, and not to the uses mentioned in either of the statutes in said declaration mentioned; and it is not therein specified to whom, nor to whose use, nor by which of said acts or statutes, said sum was forfeited. 5. That the original writ was sued out in the name of the "United States of America"; but the verdict is returned, and judgment rendered for the "United States," and not for the "United States of America." 6. The general errors.

Wm. Prescott, for plaintiff in error.

G. Blake, for the United States.

STORY, Circuit Justice. Several errors have been assigned. I shall pass over the first. as it has been presented as the governing point in another cause, and the present action may well be decided without reference to it.

The second error strikes me to be fatal; the offence charged in the declaration is the being knowingly concerned in a prohibited foreign voyage, and it is not alleged to be contrary to the form of any statute. The necessity of such an averment in an action founded upon a penal statute is abundantly supported by authority. 1 Saund. 135, note; 12 Mod. 52;. 1 Chit. Pl. 356; Doct. Plac. 332.[2] The doc-

2 But see Attorney General v. Rattenbury, 9 Price, 397, where in an information for a pe-

trine was confirmed by the decision of this court in Cross v. U. S. [Case No. 3,434], on full consideration; and I consider it too well settled to admit of argument. Lee v. Clarke, 2 East. 333.

As to the third and fourth errors assigned, I incline to think them of no validity. The objectionable parts of the allegations may be rejected as surplusage, or at most would be cured by verdict. There is no authority to show, that in a count on a penal statute, it is necessary to refer to the statute giving the remedy, as well as to that creating the offence, and giving the penalty; and in cases where this objection occurred incidentally, it does not seem to have had much weight. 1 Chit. Pl. 359; Lee v. Clarke, 2 East, 333; Clanricarde v. Stokes, 7 East, 516. And there are many precedents in the books of entries, where it is omitted. Lil. Ent. 148, 175, 255; Lutw. 132, &c.; Co. Ent. 159, &c., 161, &c. No case has been cited, to show that in a declaration of this nature, it is necessary to aver the uses, to which the forfeiture is to be applied, and the general doctrine seems the other way. 2 Hawk. P. C. bk. 2, c. 26, § 20; 4 Burrows, 2018. But even supposing that the special averments were necessary, which I do not admit, it is but the case of a title defectively stated, and not of a statement of a defective title. 4 Burrows, 2018.

As to the fifth error assigned, I think it to be clearly amendable, even supposing the description incomplete; for a court of error may amend an error apparent upon the face of the record, if there be sufficient matter to amend by. Rex v. Ponsonby, 1 Wils. 303; Tidd, Prac. (4th Ed.) 652.[3] But "the United States" in the verdict seems to be a sufficient description of the plaintiffs in the original action, without further addition. It must be intended to mean "the United States of America."

But for the second error, the judgment must be reversed.

Judgment reversed.

See authorities in Smith v. U. S. [Case No. 13,122].

SEARS (UNITED STATES v.). See Cases Nos. 16.246 and 16.247.

SEATON (BEDILIAN v.). See Case No. 1,-218.

---

cuniary penalty for smuggling, it was not stated that the smuggling was "contra formam," &c.; but only that the forfeiture accrued according to the form of the statute, &c., and it was held sufficient by the court. And a distinction was taken between an information of the crown for a penalty, and a suit by an informer for a penalty. The case of Lee v. Clarke. 2 East. 333, was on the game laws for a penalty by an informer. But in Wells v. Iggulden, 3 Barn. & C. 186, the court of king's bench held the law to be as decided in Sears v. U. S. It was, however, the case of an informer.

[3] So it may allow an amendment of a clerical error, though nothing to amend by. De Tastet v. Rucker. 9 Price, 432. In King v. Attwood. Id. 483. Wood. B.. said it was not always a valid objection that there was nothing to amend, as ex. gratia clerical mistakes.