1 [Reported by Hon. John F. Dillon, Circuit Judge, and here reprinted by permission.]

competent to congress to confer such jurisdiction. Bank of U. S. v. Northumberland Bank [Case No. 931].

## Case No. 13,122.

### SMITH v. UNITED STATES.

[1 Gall. 261.] 1

Circuit Court, D. Massachusetts. Oct. Term, 1812.

PLEADING AT LAW—PENAL STATUTE—CONCLUSION OF DECLARATION—OFFENCES—VERDICT—EMBARGO—SEIZURE.

1. A conclusion of a declaration of debt for a penalty under a statute "against the law in such case made and provided," is not a conclusion against the form of a statute; and is bad on error. See Sears v. U. S. [Case No. 12,592].

[Cited in Jones v. Vanzandt, Case No. 7,502.]
[Cited in Reed v. Inhabitants of Northfield, 13 Pick. 99.]

2. If two penal offences are described in one count, and one penalty only sought; after verdict, the declaration will be supported.

[Cited in Dobson v. Campbell, Case No. 3,945; Townsend v. Jemison, 7 How. (48 U. S.) 721.]

3. In debt for the penalty of the double value, under the embargo act of January, 1808, c. 8, § 3 [2 Stat. 453], it need not be averred in the declaration, that the vessel and cargo had not been and could not be seized for the offence.

[4. Cited in United States v. Platt, Case No. 16,054a, to the point that any one of various remedies may be employed, where either will enforce the right or obtain the satisfaction to which the party is entitled.]

5. In debt for a penalty, brought in the name of "the United States of America," if the verdict find that the party is indebted to "the United States," without saying, "of America," it is sufficient.

[6. Cited in State v. O'Donnell, 10 R. I. 475, to the point that declarations in penal actions are to be strictly construed, and that they must negative all exceptions, if in the same clause.]

[Error to the district court of the United States for the district of Massachusetts.]

This also was an action of debt for the penalty of the double value, under the embargo law, and was in many respects similar to the preceding case. The declaration was as follows: "Joseph Smith was attached to answer to the United States of America, in a plea of debt, for that during the continuance of a certain act of the United States, entitled, 'An act laying an embargo on all ships and vessels in the ports and harbors of the United States,' and of the several acts supplementary thereto, to wit, on the twenty-eighth day of February now last past, a certain schooner or vessel called the Traveller, whereof the said Joseph was then owner, agent, freighter, and factor, did depart from a port of the United States, to wit, the port of Gloucester in the district aforesaid, without a clearance or permit, and departing as aforesaid, and whilst the said Joseph was owner, agent, freighter, and factor as afore-

---

1 [Reported by John Gallison, Esq.]

said, to wit, between the said twenty-eighth day of February and the first day of March then next following, the said schooner did proceed to some foreign port or place in the West Indies and to Halifax in the province of Nova Scotia, with a cargo of fish, soap, and candles, and other American produce, contrary to the law in such case made and provided, and that neither the said vessel nor cargo has been seized; whereby, and by force of said law, the said Joseph hath forfeited to the uses therein specified a sum of money equal to double the value of the said vessel and cargo aforesaid. And the United States do aver, that the sum of twenty-four hundred dollars is a sum equal to double the value of the vessel and cargo aforesaid, and that the said Joseph hath forfeited the said sum of twenty-four hundred dollars, and an action hath accrued to the United States to have and recover the aforesaid sum accordingly. Of all which the said Joseph hath had due notice, yet though often requested, he hath not paid said sum, nor any part thereof, but detains it." Upon nil debet pleaded and issue joined, a verdict was returned for the United States in the following form, "The jury find that Joseph Smith, Jr. is indebted to the United States in the sum of four hundred dollars. Fitch Hall, Foreman."

The following errors were assigned. 1st. There is error in this, that the offence, supposed in said declaration to have been committed, is not therein alleged to have been committed against the form of any statute or statutes, act or acts, not being an offence at common law. 2d. There is also error in this, that in said declaration two distinct offences, for each of which a penalty is provided by statute, are joined in one count, as containing together only one offence. 3d. There is also error in this, that it is not alleged in said declaration, that the said vessel and cargo had not and could not theretofore have been seized for the offence in said declaration supposed to have been committed. 4th. There is also error in this, that it is alleged in said declaration, that the complainant forfeited, to the uses specified in a law in such cases made and provided, a sum equal to double the value of the vessel and cargo, but it is not, as by law it ought to have been, therein alleged to whom, or to whose use, or to what uses, or by what particular law, said sum was so forfeited. 5th. There is also error in this, that it is not expressed in the verdict, as by law it ought to have been, whether the sum which the jury found the said Smith owed to the United States, was double the value of the vessel and cargo, or only the single value thereof, by reason of which uncertainty no judgment could legally be rendered thereon by the court. 6th. That the original writ was sued out in the name of the United States of America, but the verdict was returned, and judgment rendered for the United States, and not for the United States of America. 7th. The general errors.

William Prescott, for plaintiff in error.

The omission to allege the offence to be "against the form of the statute," &c. is fatal, and cannot be supplied by any circumlocution. Though the whole statute be set out, yet if this technical allegation be wanting, it is fatal. 2 Hale, P. C. c. 25, § 117; 1 Saund. 135; Rex v. Tucker, 12 Mod. 52; 1 Chit. Pl. 350; Doct. Plac. 332. By the third section of the supplementary embargo act, the penalty is given only in case the vessel has not or could not be seized. Till this exception is negatived, there is not enough shown to maintain the action. It was, therefore, necessary to aver both that the vessel had not been seized, and that she could not be seized. When an exception occurs in the body of the same section it must be negatived. Spieres v. Parker, 1 Term R. 144. Not so, if in another section. The statute intended to give the personal remedy for the double value, only in case of the impossibility of such a seizure. It could not mean to give the government an election to take the value only, or the double value. The allegation, "to the uses of the law," is not sufficient. It should have been stated specially, to whom the double value is forfeited.

The action is brought in the name of the "United States of America." The verdict and judgment are for the "United States," not "the said United States." The court cannot judicially know that the "United States," and the "United States of America" are one and the same. (But on this error Mr. Prescott did not rely.)

G. Blake, Dist. Atty., was requested by the court to confine himself principally to the first and third errors.

The objection contained in the first error assigned, might possibly have been good on demurrer, but it is cured by the verdict. By the statute regulating process (Judiciary Act, § 32 [1 Stat. 91]), a good case, substantially set forth, is not affected by informalities, unless on special demurrer. This statute is broader than any statute allowing amendments, even the last statute of jeofails. All the errors assigned relate to form only. The common law cannot properly be said to be "made" or "provided." It is co-eval with the origin of civil society. If not immemorial, it is not common law. The allegation, therefore, "contrary to the law in such cases made and provided," shows that the declaration relies on some statute. As to the third error; the averment is in the precise words of the law. That the vessel "has not been seized" necessarily implies, that she "could not be seized." Greater particularity would have gone beyond the statute. To say that the collector has not an election, is not to construe, but to legislate. Under the 50th section of the revenue law [1 Stat. 665], the forfeiture is only of the thing seized. There are no discretionary clauses. In the statute, on which this action is founded, an option is given to

the collector, because the thing itself might be the only property of the claimant, or the forfeiture might be too inconsiderable to be worth pursuing by an action.

STORY, Circuit Justice. The first error assigned is, in effect, that a conclusion "contrary to the law in such case made and provided," is not a conclusion against the form of any statute; and if not, then upon acknowledged principles, the judgment ought to be reversed. The objection savors a good deal of technical nicety; but as this is a penal action, if it be well founded in law, the plaintiff in error ought to have the full benefit of it. At the argument, no authority precisely in point was produced, and the objection therefore was endeavored to be supported upon the general rule, and upon the meaning of the word "law." It is true, that in 12 Mod. 52, Mr. Justice Eyre is made to say, that no words will supply the want of "contra forman statuti;" and he cited Cro. Jac. 142. The case in Cro. Jac. was where the conclusion was against the form of a statute, when the action depended upon statutes. And in the case before the court, in 12 Mod. 52, the opinion, if it meant to aver that no circumlocution would be sufficient, is at most but an obiter dictum, not necessary to the decision of that case. The other authorities cited at the bar prove no more than the general principle, that there must in effect be a conclusion against the form of the statute, but do not decide what the form of the allegation should be. 1 Saund. 135, note; 1 Chit. Pl. 358; Doct. Plac. 332. We are left then to consider the interpretation of the expressions used in the declaration. In an enlarged sense, without doubt, the word "law" may include positive as well as common law; but in technical precision, the word "law" is usually restrained to the common law, and other words, as "statute" or "act," are applied to legislative provisions. Now the common law is, without doubt, as much "made and provided," as the statute law, and therefore proprio vigore the expression, "law made and provided," does not necessarily imply a public act of the legislature. I find, on examination, that this very point was before the supreme court of this state, in Com. v. Morse, 2 Mass. 138. The conclusion in that case was, "against the peace of the commonwealth, and the law in such case made and provided;" and the court said, that the indictment did not conclude against any statute. It is of great consequence in a public view to preserve the accuracy of pleadings. Every relaxation induces a new irregularity, and brings numerous and embarrassing questions before the court. The opinion of the highly respectable court, which I have cited, is entitled to great weight; and as I think it stands confirmed by the general current of authority, as to the general principle, and is shaken by no opposing adjudication, I concur on the present occasion.

As to the second error, I do not think it well founded. If two good causes of action are shown in the declaration, and only one penalty is sought, I do not see how it can vitiate the title to a recovery. The party may thereby have imposed upon himself unnecessary proofs, or exposed himself to the suggestion of inartificial pleading; but it is sufficient for the court, if a good title any where appear on the face of the declaration. This is not denied in the present case.

As to the third error, the counsel for the plaintiff in error have argued that the declaration ought to have averred, "that neither the vessel nor the cargo could have been seized for the offence aforesaid;" for that, upon the true construction of the statute, the United States have not an election to seize the property, or to proceed for the penalty, but are limited to a suit against the property, if within their jurisdiction. And I think, upon the authority of U. S. v. The Eliza [Case No. 15,041], decided at last February term, this is to be considered as the true construction of the third section of the statute (Act 9th Jan., 1808, c. 8) on which this prosecution is founded. But it does not follow that the present allegation is not sufficient. It is stated in the terms of the statute, and if the property was within the United States and might have been seized, it was a good matter of defence at the trial under the general issue, and after verdict the inaccuracy, if any, would be cured. It is a general rule, "that wheresoever it may be presumed that any thing must of necessity be given in evidence, the want of mentioning it in the record will not vitiate it after a verdict." T. Raym. 487. And this rule extends to actions upon penal statutes. Hob. 78; Carth. 304. It would be but a little defectively set forth, and upon this ground the court proceeded against the first error in Frederick v. Lookup, 4 Burrows, 2018, and against the third and fourth errors in Lee v. Clarke, 2 East, 333. But I consider the averment is sufficient, even on special demurrer, and that the fact relied on would be a proper matter to come from the other party by way of defence. 5 Term R. 83; 2 Leon. 5. In general, it is sufficient to remain a suit upon a statute, that the case is brought within the terms of it. The case of Spieres v. Parker, 1 Term R. 141, is clearly distinguishable. It was there held, that if the enacting clause, which creates an offence, contains exceptions, such exceptions must be negatived by the plaintiff in his declaration for the penalty. In that case the exceptions were not negatived and the declaration did not therefore contain within its terms sufficient allegations to show that the penalty had accrued.

The fourth and sixth errors have been disposed of in the case of Sears v. U. S. [Case No. 12,592].

The fifth error was overruled in Cross v. U. S. (at May term, 1812) [Case No. 3,434].

On the whole, for the first error, I reverse the judgment of the district court. Judgment reversed.

See Com. Dig. "Pleader." 2, § 10; Yelv. 116; 1 Vent. 135; Hawk. P. C. b. 2, c. 25, § 117,—which countenance the allegation, "contra formam statutorum."