May Term,
1823.

WILCOX
v.
WEBB.

---

## WILCOX v. WEBB and Wife.

In slander for words actionable by statute, not at common law, the declaration did not aver the cause of action to be *contra formam statuti*: Held, that, after verdict, this is no objection.

Wednesday,
May 21.

ERROR to the *Perry* Circuit Court.—*Webb* and his wife brought an action on the case against *Wilcox,* for slanderous

words charging the wife with adultery. Plea, the general issue. Verdict and judgment for the plaintiffs below.

HOLMAN, J.—It was moved in arrest of judgment, and is assigned for error, that, as this action lay not at common law, but is given by statute (1), the offence should be set forth in the declaration as against the form of the statute; or, at least, with a general reference to the statute. In support of this position, the plaintiff in error urges the doctrine relative to actions on penal statutes (2). But this doctrine is not applicable. This is not a penal statute; but is in its nature remedial, giving a remedy for a pre-existing moral right. The statute of the 3 & 4 Anne, giving an action on a promissory note, and our act of assembly authorizing the assignee of a bond to sue in his own name, or to sue on the assignment, are in some respects similar to this; and a reference to those statutes is mere matter of form. So, in this case, we think the want of such a reference is cured by the verdict.

*Per Curiam.*—The judgment is affirmed, with costs.

*Kidder*, for the plaintiff.

*Thomasson*, for the defendants.

(1) Vide *Shields et ux.* v. *Cunningham*, ante, p. 86, and note 3.

(2) In an action for a penalty, on a statute, the declaration must allege the fact to have been done against the form of the statute, or it will be considered, on error, to be insufficient. *Lee* v. *Clarke*, 2 East, 333.—*Cross* v. *United States*, 1 Gall. 26.—*Sears* v. *United States*, Ibid. 257. The allegation—whereby and by force of the statute the defendant had forfeited, &c.—is not sufficient. Vide the above-cited cases. If the conclusion be, against the law in such case made and provided, it is not good. *Commonwealth* v. *Morse*, 2 Mass. 138.—*Smith* v. *United States*, 1 Gall. 261.

When the offence depends on several statutes, a conclusion against the form of a single statute is bad: it should be against the form of the statutes. *Lee* v. *Clarke*, supra.—*Kenrick* v. *United States*, 1 Gall. 268. Vide *Strong* v. *The State*, ante, p. 193. But if the conclusion be in the plural—against the form of the statutes—when the action is founded on a single statute, it cannot be objected to. *Kenrick* v. *United States*, supra. There are some authorities contrary to this last position, which are cited and commented on by the Court.