In an action qui tam the declaration must conclude with contra formam statuti, or something equivalent; it is not sufficient to say an action hath accrued to the plaintiff* (f by force of laws and acts aforesaid.”
This was a qui tam action brought by the captain of a militia company against the selectmen of Newbury, to recover the penalty of $ 50 for not paying over to the plaintiff a proportion of $ 3000 paid by conditional exempts to the treasurer of New-bury, to be appropriated according to law. The action was founded on St. 1822, c. 102, § 7. The declaration recited the title and some of the provisions of that act, in which a previous statute is referred to, and after divers allegations, averred that the defendants had refused to appropriate or pay the money “ for the benefit of said company and agreeable to laws in such case made and provided : whereby the said defendants, by force of laws in such case made and provided, have forfeited the sum, &c. for having neglected and refused to appropriate the said sums, &c. as by laws in such case made and provided they were required to do ; and an action hath accrued to the plaintiff by force of laws and acts aforesaid,” &c.
The defendants demurred to this declaration, assigning for cause, “ that the supposed offence is not an offence at common law and is not alleged to have been done or committed against the form of any statute or statutes of this Commonwealth or against any statute or statutes of the United States.”
At a subsequent day of this term the Court said that the declaration was bad in not concluding contra formam statuti or with any thing equivalent.[1] See Cross v. U. States, l Gallison, 26; Sears v. U. States, 1 Gallison, 257; Smith v. U. States, 1 Gallison, 261; Scroter v. Harrington, 1 Hawks, 192; Barkhamsted v. Parsons, 3 Connect. R. 1; Barter v. Martin, 5 Green- *166 leaf, 76; Reed v. Northfield, 13 Pick. 94; Revised Stat. c. 100, § 20, 21; c. 137, § 14; Commonwealth v. Moore, 3 Pick. 197; Read v. Chelmsford, 16 Pick. 131,132.