Douglas, C. J.:
This is an action of assumpsit, originally instituted by Frederick X,. Ming, in the Superior Court of Jackson county, to recover the *442 amount of a certain promissory note, given by the appellant to the said Frederick L. Ming, which note is as follows.:
$615. On demand, the first day of January next, I promise to pay Frederick L. Ming, Agerti, &c., six hundred and fifteen dollars, value received. Oct. IQlh,. 1839.
(SreifED,) JOHN BRETT, Jr.
Such proceedings were had in said suit, that, on the 18th day of October, A. D., 1843, judgment was rendered against the defendant for the sum of eight hundred and one dollars and fifty cents, in favor' of the plaintiff, for his damages, with legal interest on the same, from that date until paid, together with his costs, &c. It appears, from a bill of exceptions taken and filed in the cause which makes a part of the record in this case, that the note above described was the only testimony that was offered in the cause by the plaintiff, and that the defendant contended, that he was entitled to interest only after demand ; and as nó proof of any demand was-made, interest should only be given after the commencement of the suit; but the Court directed the Clerk to calculate interest from the 4th of January after its date, which being done, a judgment accordingly entered, and an appeal was taken by the defendant, (by agreement of the plaintiff’s Counsel,) and the cause carried up to the Court of Appeals of the late Territory of Florida. During its pendency in that Court, the said Frederick L. Ming departed this life, and on the 13th day of December, A. D., 1843, letters of administration were duly granted On the goods and chattels which were of the said Frederick L. Ming, deceased, at the time of his death, to Susan A. Ming ; and afterwards, to wit, on the 31st day of January, 1845, said cause came on to be heard in said Court of Appeals, when (as appears by the-record of said Court) Judgment was entered as follows, viz: “ Upon an appeal to a judgment of the Superior Court for the Apalachicola District for Jackson County, rendered on 18th day of October, 1843, whereby it was considered that the appellee recover against the appellant the sum of $801 SO, with costs, &c. The death of the appellee having been suggested at a former term of this Court, and a scire facias awarded against the legal representatives, this day came the said representative of the appellee, and the said appellant by their attorneys, and they having been fully heard, and the transcript of the record of the judgment aforesaid having been seen and inspected by the Court, *443 and the Court being divided in opinion, the Hon. D. Jordan not having heard the argument of this cause on a former day, it is therefore considered by the Court that the said judgment be affirmed, and that the appellee recover against the appellant his costs by him about his defence in this behalf expended, which is ordered to be certified to the Court below.” At the last term of this Court, to wit, on the 21st day of January, 1846, the following proceedings took place in this cause, as appears by the record, and the following entry was made : “ This day came the attorney for the appellee and moved the Court to docket this cause, and the same not being objected to by the attorney of the appellant, the same is done accordingly.”
. “ And thereupon afterwards on the same day came Susan A. Ming, Administratrix of Frederick L. Ming, deceased, whose death was heretofore suggested at January term of the Court of Appeals of the Territory of Florida,'in the year 1844, and scire facias awarded, and presented letters of administration in due form of law certified, and by her attorney moved the Court that she be made a party appellee to this cause in place of the said Frederick L. Ming, deceased, and the same is done accordingly. And now on the same day comes John Brett, Junior, appellant, by Thomas H. Hagner, his attorney, and shews to the Court here that an execution hath issued in this case from Jackson Circuit Court in the name of Susan A. Ming, Adminis-tratrix of Frederick L. Ming, upon the judgment entered in this case before the said Susan A. Ming, Administratrix as aforesaid, was made a party to the record, aiid that such execution hath been levied, and that the same is altogether irregular and illegal; and the said Susan A. Ming, Administratrix of the said Frederick L. Ming, not objecting hereto, and for good cause shewn — It is ordered that the said execution be set aside and held for nought, and it is further ordered that a copy of this order and judgment be certified to the Clerk of the Circuit Court of Jackson County, and a copy of said certificate by the said Clerk be certified to the Sheriff of Jackson County. And on motion of Susan A. Ming, by her attorney, it is ordered that this cause be continued till the next term of this Court, upon a motion for a hearing as to the regularity and validity of the judgment of the Court of Appeals, rendered in said case at the January Term, 1845, of said Court.” And now, at the present term of this Court, the said Susan A. Ming, Administratrix, &c., as aforesaid, by C. C. *444 Yonge, Esq., her attorney, comes and moves the Court that the said-judgment of the Court of Appeals be amended by introducing the name of the representative, Susan A. Ming.
To this the counsel for the appellant objects, that the motion made at the last term has been waived by the counsel for the appellee, and all benefit of it voluntarily surrendered by submitting a written argument on the whole case, on the 26th of January last, on the errors assigned. But if the motion can be sustained, the appellant by his counsel insists that there was no valid judgment rendered by the Court of Appeals. That the appellee has admitted it on the record of this Court. First, allowing the old cause to be docketed here after notice without objection. Second, presenting letters of administration here in this Court on the 21st of January, 1846, and moving to be made a party here in place of the decedent. Third, admitting that an execution had issued on the judgment of the Court of Appeals entered in this case before the appellee, Susan A. Ming, Admx., was made a party to the record. Fourth, admitting that in consequence of such failure to make the appellee a party before judgment entered, the execution was irregular and void, and that it is too late now after such admissions of record, for the appellee to take them all back and attribute her own default to a clerical misprison. But may it not as well be said‘that the fact that Susan A. Ming, Admx., as aforesaid, was made a party in the case at the last term, without objection, placed her “ rectus in curia ?” We do not consider, however, that any admissions or waiver of objections was made by counsel on either side, that can prejudice their clients. The Clerk, in docketing the ease, followed the old docket instead of the judgment of the Court of Appeals. It had been more proper, perhaps, to have docketed it, “ the representative of Frederick L. Ming.” Then all that would have been wanting was precisely what the counsel asked, to have the name of Susan A. Ming, Admx., used in the further proceedings as such representative. Both parties were before the Court at the last term, and both moving in the case. It appears by the record of the judgment rendered by the Court of Appeals, that the legal representative of the appellee, by her counsel, was before that Court when' the judgment was pronounced, although from some cause not stated in the proceedings, her name was not inserted in the judgment, We are not prepared therefore to say that the judgment is for that cause' *445 a nullity, although we are satisfied that no execution ought to have issufed upon it until she was made a party by name. It was therefore properly set aside. From the letters of administration now on file, it appears that Susan A. Ming was Administratrix long before and at the time when'that judgment was rendered, and that she yet continues to be such administratrix, and the question now presented is, whether she is entitled to have the benefit of her motion either literally or substantially, by an order that she have execution of said judgment in her name as such Administratrix. We think that she is thus entitled, but it must be with a saving to all persons of the rights which they have “ bona fide ” acquired since the rendition of the judgment. In the case of Zimmerman vs. Brigons, 5 Watts, 186, it was held that the entry of a defendant’s name in a judgment is not amendable so as to affect a subsequent purchaser or incumbrancer ,• and in the case, of the Bank of Newburgh vs. Seymour, 14 John., 219, a judgment record was-allowed to be amended by adding the name of another defendant, saving to all persons the rights they had bona fide acquired since the docketing of the judgment. The case of John C. Chamberlain vs. Ebenezer Crane, 4 New Hampshire Reports, 115, was a writ of entry in which the demandant originally counted upon his own seizen in fee, but afterwards having obtained leave to amend, counted upon his own seizen as of freehold. Judgment was rendered in favor of tho demandant at May Term, 1817. (See 1 New Hampshire Reps.', 64). But judgment was by mistake entered upon the original instead of the amended count. Hubbard moved to amend by striking out the original count and inserting in its stead the amended count which was on file among the papers of the case. Parker, who appeared for a person to whom Chamberlain had conveyed the land since the judgment, cited 14 John., 219 Bank of Newburgh vs. Seymour, and 3 Cowen’s Rep., 54, note Hart vs. Reynolds. By the Court: We entertain no doubt judgment was entered upon the original count in this case by mistake, instead of the amended count, and thus justice requires that the record should be amended; and we are of opinion that-the record may be legally amended. And 19 John., 244, Mechanic’s Bank vs. Minthorne; 18 John., 502, Lansing vs. Lansing; 17 do., 86, Lee vs. Custis; 14 ditto, 219, Bank of Newburgh vs. Seymour; 3 Durn. & East., 349, Rees vs. Morgan; 2 Tidds. Pr., 863 ; 1 Cowen’s Rep., 9 ; 5 Bur *446 row, 2730, Short vs. Coffin ; 4 Maule & Selwyn, 94, Usher vs. Dansey; 1 Taunt., 221, Mann vs. Calow; 4 Taunt., 875, Halliday vs. Fitzpatrick ; 1 Wilson, 61; 2 Strange, 1209 ; 4 Burr., 1989 ; 10 Mass, 251, and 1 Pick., 353, are cited; and the leave to amend was granted with a saving of all rights acquired by third persons under the judgment. This was at May Term, 1827, after a lapse of ten. years, and without affidavit.
A Court of Error may amend an error apparent on the record, if there is anything to amend by. Sears vs. the United States, 1 Gall., 257. Smith vs. the United States, Ibid, 261; and see Boyle vs. Connelly, 2 Bibb, 7, 88. 1 Monroe, 18. There is nothing in the nature of an appellate .jurisdiction, according to the common law, which forbids the granting of amendments. T Gall., 22. ■ The permitting of amendments is matter of discretion. Mandeville and others vs. Wilson, 5 Cranch., 15. And there is nothing in the case of Turbin, Admr. of James, vs. Thomas’ Representatives, 2 Hen. & Mumf., 139, cited by the counsel for the appellant (as we understand it) which militates against the exercise of such discretion in the case before us. These are the circumstances of tjiat case. “ The cause having abated by the death of one of the parties, was revived by consent against the representatives of the party deceased without naming them. No person having been made defendant by name in consequence of that order, I was of opinion, said Judge Tucker, that we ought not to proceed to a hearing of the cause, until the parties were before the Court by name. Judge Roan cited Southal vs. McKeand, 2 Wash., 339, which appeared to me to favour my idea, Judge Flem-ming concurring in opinion with me. ’Another cause was called ; but Mr. Hay afterwards suggested that there was a Mr. Thomas, who was either Executor or Administrator, and the cause was opened. But the Court seemed to agree that in future no cause should be considered as revived until some person should be named as a party representing the party deceased.” In the case under consid-oration a judgment had been rendered which we had no power to disturb, but we have power over the execution that issued on that judgment, and therefore set it aside ; and should not have permitted another to issue until the proper representative was made a partyby name. And we fully agree with the Court of Appeals of Virginia, that no .cause should be considered as revived until some person *447 should be named as a party representing the party deceased. Although the record does not show the fact, yet from the nature of the entry in the judgment of the Court of Appeals, showing that the representative appeared there by her attorney, and the fact that the letters of administration of Mrs. Ming bear date long anterior to that time, it seems highly probable, indeed almost a moral certainty, that her name as such representative must have been1 mentioned to the Court, and that the leaving it out of the record was a mere clerical error. Indeed, it cannot properly be presumed that the Court of Appeals would have heard the cause unless it had been thus mentioned. At all events, we have now those letters of administration of Mrs. Ming on file to amend by if necessary; and they, together with the order of the last term making her a party, clears the case of all difficulty on that point.
The doctrine of amendments was so fully discussed in the case of Stewart and Fontaine against A. T. Bennett, decided on a former day of the present term, that we do not consider it necessary to enlarge upon it on the present occasion.
We proceed, therefore, to the next and only remaining ground of error assigned, which is that the note on which the suit is founded is payable “ on demand oirthe first day of January next,” &c., and that without proof of any other demand than the suit brought, the Court allowed interest to be computed from the first day of January, «See. But the decisive answer to this is, that the jugment of the Court of Appeals is conclusive upon that question ; for notwithstanding this Court held in the case of Stewart vs. Preston, at the last term, that “ the Act of the Legislature of ,the State organizing the Supreme Court is imperative that all cases now pending in said Court of Appeals shall be transferred to said Supreme Court, and tried and decided therein and thereby, except cases cognizable by the Federal Courts,” and although we are disposed to give the most liberal construction to that Act of the Legislature, and extend its meaning so as to make it reach all the cases that were left in that Court at its dissolution, in which any action of this Court may be necessary to enable the parties to such cases to obtain the full benefit of them if possible, to the same extent that they could have done if the existence of that Court had been continued until they had been perfected and the judgment satisfied ; or as if such judgment had been ren *448 dered in this Court, — yet we have never claimed the right, or supposed that we possessed the power to review a final judgment of that Court. Indeed, this Court has already decided, at the present term, that a petition for a re-hearing of one of its own judgments must be presented at the same term at which the judgment was rendered, and within fifteen days after its rendition. The cases from the late Court of Appeals are transferred to this Court as its legitimate successor; and when here, stand upon the same footing in regard to this matter as if the judgment had been rendered by this Court. The only mode by which we could reach the point, would be to treat the judgment of the Court of Appeals as a nullity. This, as before stated, we do not feel authorised to do. But if it were directly before us for our'decision thereon, we are by no means satisfied that it would be our duty to render a different judgment. The objection is that this note was payable on demand on the first day of January next, &c., and that without proof of any other demand than the suit brought, interest was calculated from that day. The general rule seems to be that a note on demand becomes du^, and an action lies against the maker immediately, and without any demand. Field vs. Nickerson, 13 Mass., 131, 137. Conner vs. Harrison, 2 McCord, 246. Hoxton vs. Bishop, 3 Wendell, 13. Thompson vs. Ketchum, 8 John., 189. Herrick vs. Bennett, Ibid, 374. A note payable when demanded, is the same as payable on demand, and the statute of limitations begins to run from its date. Kingsbury vs. Butler, 4 Vermont, 458. Where no time of payment is specified in a promissory note, it has been held that its legal effect is that it is a note payable on demand, and must be so declared on. Bacon vs. Page, 1 Conn., 404. Mason vs. Potter, 1 Miss., 279 ; and in Newman vs. Kettle, 13 Pickering, 419, the Court held that where a note is payable “ on demand with interest after four months,” payment may be demanded immediately, and extrinsic evidence is inadmissible to shew that the demand was not made till after four months. And in Rice vs. West, 2 Fairfield, 323, the Court also held that a note payable “ on demand with interest after six months,” is due presently, the six months applying to the interest and not to the principal. With these authorities before us, if we wore called upon to decide this question, we should be very much inclined to hold that this note, being payable on demand, was due presently; that suit might have been brought *449 upon it immediately, and without any demand; and that the words, “ the firsj day of January next,” applied to the interest and not to the principal. We have thought proper to throw out these hints for the purpose of showing the appellant that he has not perhaps lost so much by the view that we have taken of this case, as he might have otherwise supposed.
The judgment of the late Court of Appeals rendered in this case affirming the judgment of the Court below must stand, and Susan A. Ming, Administratrix, &c., of the said Frederick L. Ming, deceased, as aforesaid, have execution of the aforesaid- judgment of the Court below, but with a saving of the rights of all third persons acquired, “bona fide,” since the 31st day of January, A. D., 1845, the day of the date of said judgment of the Court of Appeals. All of which to be certified to the Court below accordingly.

Per Curiam.