STATE *vs.* BARTHOLOMEW O'DONNELL.

What exceptions in a penal statute are to be negatived in pleading, and what are mere matters of defence, is determined by their nature, and not by their location with reference to the enacting clause. Those which are required to be negatived are such as are so incorporated with and a part of the enactment as to constitute a part of the definition of the offence.

Where the language of one section of a statute was, "No person shall, at any time, manufacture or sell, or suffer to be manufactured or sold, by any person, except for the purpose of exportation, or keep or suffer to be kept on his premises or possessions, or under his charge, for the purposes of sale, within this state, any ale, wine, rum, or other strong or malt liquors, or any mixed liquors, a part of which is ale, wine, rum, or other strong or malt liquors, unless as is hereinafter provided;" *held,* on motion in arrest of judgment, that in a complaint charging a violation of this section, the exceptions referred to therein must be severally set out and negatived.

APPEAL from the Court of Magistrates of the city of Providence. The defendant was there tried upon a criminal complaint brought by John M. Knowles, Chief of Police of said city, which charged that the defendant "at said Providence, in said county, on the 24th day of July, A. D. 1872, with force and arms did sell and suffer to be sold, and not for the purpose of exportation, ale, wine, rum, and other strong and malt liquors, and mixed liquors, a part of which was ale, wine, rum, and other strong and malt liquors, without license first had and obtained from the mayor and board of aldermen of said city, against the statute and the peace and dignity of the state." The defendant having been adjudged guilty upon the trial in said court, appealed to the Court of Common Pleas for this county, at its September Term, 1872, where, after trial and conviction before Mr. Justice *Burges* and a jury, the defendant moved in arrest of judgment for the following reasons: 1st. That no crime or offence punishable by law is sufficiently charged or alleged in the complaint in this case to put the defendant to answer the same, or to warrant a judgment against him. 2d. That as matter of law the defendant ought not to have been found guilty upon the complaint in this case, because it is not anywhere expressly alleged in and by said complaint that the "ale, wine, rum," &c., in and by said complaint alleged to have been by said defendant sold and suffered to be sold, were sold in violation of law. 3d. That it is not in said complaint alleged that said "ale, wine, rum, and other strong and malt liquors," &c., alleged to have

State *v.* O'Donnell.

been by defendant sold and suffered to be sold, were not " spirituous or intoxicating liquors of foreign production imported under the laws of the United States, and contained in the original packages in which such liquors were imported, and in quantities not less than the laws of the United States prescribe. 4th. That the said complaint does not in and by its terms sufficiently negative the presumption that said " ale, wine, rum," &c., alleged in said complaint to have been by defendant sold and suffered to be sold, were sold in accordance with the laws of this state and of the United States.

The court having overruled the motion, the defendant thereupon alleged exceptions.

*Whitman*, for the defendant, in support of the exceptions. The complaint is fatally defective because it does not in express terms nor by implication, allege a violation of law. Every word of the charging part of the complaint might be true, and yet the respondent might be innocent of any offence against law. The complaint, to be sustained, should contain an express averment that the alleged sale was made in violation of law (*e. g.* " illegally," " in violation of law," or " without legal appointment or authority," or words of the same or similar import), or else it should recite all the facts and circumstances necessary to define the offence, or to constitute a violation of law. And in this latter respect it should expressly negative all exceptions in the enacting clause of the statute, and all exceptions so incorporated with the enacting clause that one cannot be read without the other. Rev. Stat. chap. 78, §§ 1 and 14 ; Mass. Digest, vol. 2, p. 22, pars. 244, 245, 248, 249, and cases there cited ; pp. 656, 657, pars. 117 and 126 ; *State* v. *McGlynn*, 34 N. H. 422 ; *Hinckley* v. *Penobscot*, 42 Maine, 89 ; *Bone* v. *State*, 18 Ark. 109 ; *State* v. *Beneke*, 9 Iowa, 203 ; *State* v. *Abbott*, 31 N. H. 441 ; 1 Whart. Criminal Law, § 379 ; *State* v. *Fuller*, 33 N. H. 259 ; *Com.* v. *Clifford*, 8 Cush. 217 ; Sedgwick on Stat. and Const. Law, §§ 62, 63.

The merely formal conclusion, " against the form of the statute," is not a sufficient averment that the alleged sale was made in violation of law. *Brown* v. *Commonwealth*, 8 Mass. 65, and cases cited ; *State* v. *Casey*, 45 Maine, 435. A defective description of the offence sought to be charged is not one of the points in which

a complaint is cured by a verdict; but the same is equally fatal on a motion to quash, or a motion in arrest of judgment. *Newcomb* v. *State*, 37 Miss. 383; *State* v. *Abbott*, 31 N. H. 441.

The Attorney General, *Willard Sayles*, Esq., for the state, *contra*. 1. This offence is set forth in accordance with the well settled rules of statutory pleading. 1 Whart. Crim. Law, § 364; 1 Bishop Crim. Prac. §§ 359, 378; 1 Chitty Crim. Law, 283, 284; *State* v. *McGlynn*, 34 N. H. 422, 426; *Com.* v. *Hart*, 11 Cush. 130; *Com.* v. *Edwards*, 12 Cush. 187; *Com.* v. *Tuttle*, 12 Cush. 502.

2. Nor is it necessary to charge that the defendant did *illegally* sell. The act of selling was unlawful. *Rex* v. *Phillips*, 6 East, 474; *Rex* v. *Fuller*, 1 B. & P. 186, 187; *Rex* v. *Farrington*, Russ. & Ry. 207.

3. Nor is it necessary that the defendant should know that the liquors sold were intoxicating. *Com.* v. *Boynton*, 2 Allen, 160; *Com.* v. *Goodman*, 97 Mass. 117.

POTTER, J. The complaint is for a violation of chapter 78 of the Revised Statutes of 1857, and alleges that the defendant "did sell and suffer to be sold, and not for the purpose of exportation, ale, wine, rum, and other strong and malt liquors, and mixed liquors, a part of which was ale, wine, rum, and other strong and malt liquors, without license first had and obtained," &c., "against the statute," &c. Section 1 of chapter 78 prohibits the manufacture or sale of these articles except for exportation, "unless as is hereinafter provided." Section 16 prescribes the penalty. Section 14 provides that it shall be lawful for town agents to sell liquors mentioned in the first section of said chapter, and for all persons to keep and sell liquors imported and contained in the original packages in which such liquors were imported, &c.

In framing pleadings in criminal cases there seems to have been formerly a distinction between indictments and proceedings on penal statutes where the convictions are summary. In the latter case the defendant has not the advantage which a trial at common law gives him, and therefore more strictness is required in order that it should appear on the face of the papers that the magistrate has jurisdiction and that the defendant has no statutable defence. 1 Chitty's Crim. Law, pp. 283, 284; *Rex* v. *Jarvis*,

1 Burr. 148; *Rex* v. *Pemberton,* 2 Burr. 1035; *Rex* v. *Stone,* 1 East, 649; *Rex* v. *Marriott,* 1 Str. 67; 2 Chitty's Gen. Prac. 166, 167.

Declarations in suits for penalties were strictly construed, and it was held that they must negative all exceptions if in same clause. 1 Chitty, 255, note, 506; *Smith* v. *United States,* 1 Gall. 261; *Donelly* v. *Vandenbergh,* 3 Johns. 41; *Spiers* v. *Parker,* 1 T. R. 144.

But in regard to indictments we find among the old authorities that Hawkins, P. C. b. 2, c. 25, § 113, a standard authority, says : " It seems agreed that there is no need to allege in an indictment that the defendant is not within the benefit of the provisos of a statute whereon it is founded ; and this hath been adjudged even as to those statutes which, in their purview, expressly take notice of the provisos, as by saying that none shall do the thing prohibited otherwise than in such special cases, &c., as are expressed in the act," citing Poph. 93, 94; 1 Jones, 157 ; 1 Lev. 26 ; Savile, 32; 2 H. P. C. 170, 171.

Again he says, section 112, that " every indictment must bring the defendant within all descriptions mentioned in the act, except they are such as carry with them the bare denial of a matter the affirmation of which is a proper and natural plea for the defendant." On a statute punishing a man for non-attendance on church without reasonable excuse, it was not necessary to show that the defendant had no reasonable excuse, that being on him to show. He cites 2 Leon. 5 ; 2 Keb. 582. And all the above is repeated as sound law in 3 Bacon's Abr. Indictment, H.

It is said, however, in an article in the American Jurist for October, 1832 (vol. 8), p. 237, attributed to Judge Metcalf, that these doctrines in Hawkins and Bacon are founded on cases where that course of proceeding depended on statute. And the modern cases seem to have established a different doctrine.

Chitty (2 Gen. Practice, 166, 167) has laid down a rule which seems to be supported by many of the modern authorities : " If the exception be in the enacting clause, or in a proviso thereof, or *even in any other clause that ought to be read as part thereof,* although in a distinct section, then it must be negatived. · But if in a subsequent clause and not referred to, then it need not be negatived." And so Bayley, J., in *Steel* v. *Smith,* 1 B. & Ald. 94;

and so Lord Tenterden in *Vavasour* v. *Ormrod*, 6 B. & C. 430, which was a suit on a lease.

The whole tendency of modern cases has been to make the rule for indictments and declarations in civil cases uniform with the old rule strictly observed in cases of summary convictions and suits for penalties. See *Lequat* v. *People*, 11 Ill. 330, and *Metzker* v. *The People*, 14 Ill. 101, where the rule is laid down substantially as by Chitty. The question is whether the exception is incorporated in the enacting clause by words of reference. These cases are cited and recognized in *State* v. *Williams*, 20 Iowa, 98; and in *State* v. *Palmer*, 18 Vt. 570, this rule is spoken of as plausible, but is not decided. And see Broom's Legal Maxims, § 521. "*Verba relata hoc maxime operantur per referentiam ut in eis inesse videntur.*" And see note in 2 Ben. & H. Lead. Cas. (2d ed.) p. 13.

Much confusion has been caused by using the phrases "enacting clauses," "purview," "proviso," and "exception," in different senses. Ben. & H. Lead. Cas. note, *ante ; Smith* v. *Moore*, 6 Greenl. 274.

The case of *State* v. *Abbey*, 29 Vt. 60, contains the most sensible remarks on these rules that we have seen. "The rule is founded on the general principle, that the indictment must contain the statement of those facts which constitute an offence under the statute." A *primâ facie* case must be stated, and matter of excuse must be shown by the defendant. "The question is, whether the exception is so incorporated with and becomes a part of the enactment as to constitute a part of the definition or description of the offence." It is the nature of the exception and *not its location* which is important.

And in the case of *State* v. *Adams*, 6 N. H. 532, it is suggested that we may ask whether all that is alleged in the indictment may be true, and yet the defendant not be guilty. The answer to this question will decide what ought to be alleged in order to constitute the statute offence. And the Supreme Court of South Carolina, in a case where the charge was insufficiently stated, observe, "As that [card playing] is not under all circumstances unlawful, she may, for anything that the court can perceive, be innocent of any offence." *State* v. *Rcynolds*, 2 Nott & McC. 365.

The complaint in the present case does allege a sale " without license," although the provision for license is not contained in the enacting clause, or even in any part of the act, but in a subsequent statute. Upon the principles we have approved the exceptions must be sustained. *New trial granted.*